Fulcrum Enterprises, N.A. v. Fulcrum Enterprises, L.L. Gastin. May it please the Court, Jeremy Gastin for Appellant Fulcrum Enterprises. Bank of America sued Fulcrum to recover properties or their value that allegedly had been fraudulently transferred to Fulcrum by Nancy Groves. Let me interview you from the beginning. Who are the members of Fulcrum, and what is the citizenship of each member? The record does not reflect who the members of Fulcrum are. The Bank of America alleged that Fulcrum was a citizen of Nevada, and the parties in a joint submission in a pretrial order admitted or stipulated or stated that Fulcrum was a member, I'm sorry, that Fulcrum was a citizen of Nevada and that Bank of America was a citizen of North Carolina and that diversity was present. But you have to say each member. It's an LLC. So who are the members of Fulcrum? It's not in the record. But I'm asking you the question. Do you know the answer? I do not know the answer. Because you can't consent to jurisdiction. You cannot consent to jurisdiction, but you can consent to facts, and in prior cases such as those given in Bank of America's letter brief, the stipulation as to citizenship has been accepted by courts in the Fifth and Eighth Circuit, and alternatively, one of our main arguments is that the court lacked subject matter jurisdiction because of lack of standing, and we would say that's an equivalent. It's two different things, and it's for two different, it's on a completely different basis that you're saying the court doesn't have standing over Fulcrum because it didn't have standing over Groves and another. That's a completely different argument. It's an Article III standing argument that would remove subject matter jurisdiction in the same way that a lack of diversity jurisdiction would remove subject matter jurisdiction. How would you propose that we solve, you think there isn't a problem to be solved, is that your argument, that because there was a stipulation that Fulcrum is a citizen of Nevada, whether or not they set forth who all their members were, that that can be sufficient for us? I believe that's sufficient under the case cited in— Let's say that we think we need to know who your members are. What would be the right procedure for us to address that? Should we send it back to the district court? Should we have you file something that says who the members are and take judicial notice of it? What would be the right procedure to address that? I think the right procedure is outlined in Bank of America's letter brief where you do a limited remand for that determination and then it comes back here to resolve. But to me, the only purpose to remand is if there's going to be fact disputes. If there's not fact disputes, I think the statute says the pleadings can be amended in the trial or appellate court. So if there's not a fact dispute about this, then I don't understand why we would remand it. Because that just takes time and it takes energy on the district court, whatever. If it's a matter of you just filing and saying it has two members and one is from here and one's from there, and as long as you're not from North Carolina, it wouldn't matter, right? That's correct. I'm just—I'm not in a position factually to say whether there is or isn't. But it's just not a deep, dark secret. I mean, and you're proposing it as is. Well, I just propose that I don't know what the answer is. Well, why don't you know the answer? You're in the Fifth Circuit. You're arguing this case. I'm serious. You know, this is the big time. You know, we're arguing this case. We're reading it. You know, we shouldn't have to be maneuvering between the lines and trying to figure out this. And, you know, there's this strategy about that. And, you know, we've got jurisdiction. It's penultimate. We can raise jurisdiction on our own. It don't matter about a 28-J. I don't understand when counsel show up and don't know the answer to the question. It's not no mystery unless it's off into some sealed document. So for me, I want to know what the answer is. And to me, it's not remand to find out. That's why you got the question right off the bat. Yes. And I understand from the litigation of this case up until the point where I came into the case, there were depositions taken of the only known manager of Fulcrum. And the manager did not give testimony and Bank of America did not elicit testimony as to who its members were. And that individual also pleaded the Fifth Amendment and didn't answer really any questions. But it's your client. Somewhere in Nevada, there's a filing that says Fulcrum is an LLC and its members are blank. No? No. In Nevada, you don't have to put the members on the filing. Well, it's your client, right? Yes. So you know who the members are? I do not. You can know because you can ask your client. You represent them. You are the agent of this entity here in front of us. And for you to say, well, I don't know, maybe you personally don't, but your client knows. Somebody at Fulcrum knows who its members are, right? I do not know if they do or do not. The manager— How can you not know who the members of your own LLC are? How can Fulcrum LLC not know who its members are? I'm presuming that the manager of it does know, but he has refused to answer questions. He is not under my control. He has refused to answer questions on Fifth Amendment grounds for the most part, and otherwise has said that the corporation, the LLC, was established by an individual, Alan Groves, but that is not— Where is Alan Groves from? As far as I know, he lives in Houston, but it's not in the record. Well, then how can you stipulate? What kind of fact did you stipulate? I didn't— I'm sorry, your client, that would establish jurisdiction if you still won't say. That it's a citizen of Nevada? Based on what? Where is it, again, avoiding the question of who the members are? The pretrial joint report filed by Bank of America and Fulcrum states that one is a citizen of North Carolina and the other is a citizen of Nevada, and there was never any discussion beyond that. And it's the plaintiff's burden, frankly, to allege the basis for jurisdiction. It was never known to me or raised by the district court or anything that there was a problem with the jurisdictional statement. Okay, if we send it back, we remand it to the district court to explore this, what's going to happen? Your client's going to refuse to answer who the members are and where they're from? I do not know. I believe that would be something that they would be able to answer. They just have not— That's what I don't understand. I mean, like, you have—you're here in the Fifth Circuit arguing for Fulcrum. I hope somebody from Fulcrum knows you're here. Yes. Why can't you ask that somebody, hey, what is the citizenship of your members? And we don't need to know who they are, but we have Mr. X is from Texas, Mr. Y is from Nevada, and Mrs. C is from Alaska. That's all we need. We don't need their—we don't even need that much information. And without breaking— We just need the states. We don't need the names. Without breaking attorney-client confidentiality, I—all I can say is that this court asked us to state the basis for jurisdiction, and I knew that in the letter I would have to say there is no record information as to the members or their identity or their citizenship. I will put that in the letter. I believe that the court is likely going to require there to be a remand in order to do discovery to find out who they are, and that's as much as I was able to state to this court in terms of— I think this is weird. Well, this is a strange deal. I'm going to just tell you. You know, you may never get—you may get a red light and never get to make the argument that you came—I'm going to just tell you, I am very irritated, you know, by this. It just—it doesn't make any sense at all. I mean, we frequently get parties who just want to get an answer, so they dance around jurisdiction and nobody raises it because they want an answer. We had one Monday. I mean, they just want us to make a proclamation, but that's why we've got bedrock law. You know, we determine jurisdiction on our own. We don't have to accept what's said. We didn't ask for this case. It got appealed here. We take the case as we find it. It is not enough to file a 28-J just saying whatever, whatever, whatever. You know, it's just—it's just not. I agree completely, and up until the spring of this year, I was under, personally, no illusion or belief that there was any issue here because when I— Well, now you know. You know—now you know, and you know from, you know, the 28-J and so forth. You know, we just expect when people show up to argue, they got the answers. You know, maybe not what all 199 people testified to in a record, but, I mean, on basic kind of stuff, you know, I mean, I guess if you had an answer and said there's some national security reason or something of that akin, you know, we'd have to pause, but hadn't heard that, so short of some national security kind of issue, this is just vexing me. You know, I'm not just right out of order, right here on the yellow sheet and hand it to you and sign it and order you to go out the door and come back and tell me who the clients are, but I'm on a panel, so I have to be a lot more cerebral about how we, you know, how we handle it. We're not trying to give you a hard time, but I hope you can understand, you know, this is an issue. Yes. From the defendant's perspective, though, the defendant—and I don't represent the members. I represent just Fulcrum, but I have very limited access to information about Fulcrum because of the position that its manager, who I also don't represent, has taken in terms of revealing information. All right, you're the appellant. Yes, and the defendant. All right, so you allow—yeah, okay, but you're the appellant. And we don't want to be in federal court. We don't believe there is jurisdiction, and so it would really be contrary to my client's interest to say that there is diversity jurisdiction or any kind of jurisdiction because we— But you already said it. You said you stipulated in district court, so you already said that.  If it's not enough, it would have to go back to the district court for— Okay, so the point is you've already done that concession. Your argument about jurisdiction has to do with this standing thing with Mrs. Groves because you don't like the decision we reached in the Groves case, which I was on the panel of, too. And so, rightly or wrongly, though, that ship has sailed, and that's your—your merits argument is you don't like the decision we made in Groves, so it was denied. I think that's done. Except that the basis for that decision is not a basis that would be binding against Fulcrum, who is not a party— No, it's not binding against Fulcrum, but the thing is you don't get to, as the transferee of a fraudulent transfer, you don't get to relitigate the case that gave rise to making Bank of America or anybody else a judgment creditor. If instead they were a judgment creditor on a home mortgage or on a note or on a car accident with one of their employees' vans or something or their van or something like that, all of that, you wouldn't get to say the light was really red or the light was really green or any of those kinds of things. They would be a judgment creditor, rightly or wrongly. That judgment may be completely ridiculous, but they're a judgment creditor, and that's what they are here. And when they sued you, they were a claimant, and now they're a judgment creditor, and the issue of standing was litigated in that case and lost by Mrs. Groves. You don't get to challenge that. You challenge the piece to you. Was the transfer to you fraudulent? That you can challenge, but you can't challenge their status as a judgment creditor by litigating that case. Otherwise, Tufta kind of goes out the window. I mean, what is the, I've never heard of this where you can challenge, you're not bound by the finding that Mrs. Groves this and that and the other. I get that. But you are bound by the fact that they are now a judgment creditor of her, and if she then fraudulently transferred to you, then all of that Tufta comes to bear. I would respectfully disagree with that on two bases. One, judgments are faced, the parties to them, and certain others in certain situations. We've argued that Fulcrum is not bound by that judgment for any purpose, and Bank of America has not disputed that. The claim that has to be asserted under Tufta in order to find Fulcrum liable for fraudulent transfer is a right to property against Mrs. Groves, and Fulcrum is entitled to relitigate. No, they're not. They are not entitled to come. You cannot have people come in here, somebody is a judgment creditor of Nancy Groves, and you then get a gift from her or you get whatever, you can't come in and say Nancy Groves doesn't really owe that judgment. That is not your area. That is not your thing. The Tufta says it's somebody, a creditor of someone. They are. They have a judgment in hand. Even if it's a judgment that we just issued the most ridiculous ruling in the history of American jurisprudence, it doesn't matter. You're not bound to it because you don't have to pay that judgment. You are only bound for what you did, your client did, which is receive a fraudulent transfer. And that's the argument to me is was it a fraudulent transfer or not. Not does she owe the money to Bank of America. Our position would be that under basic principles of judgments and the way the word claim is defined under Tufta, yes, you either need to join Fulcrum in the proceeding after that transfer occurred and before a judgment was entered. Okay. What's your case on that? It's the case about judgments not being binding against parties who are not parties to them. And you can't It's not binding on you. They are not going to go enforce the judgment against you. That's what would make it binding on you. What they are doing is something separate. They are establishing liability only for and to the extent of any transfers from Mrs. Groves transferred to Fulcrum in violation of Tufta. That's it. So this argument, let me ask you this. Do you have anything other than your argument that this judgment isn't binding on you? The argument that the judgment is void for lack of subject matter jurisdiction, an issue that Fulcrum is entitled to litigate, and if that judgment is void for lack of jurisdiction, then there is no claim. I actually think you are entitled to litigate. What case says you can litigate that? Because all void judgments, all judgments where there is subject matter jurisdiction lacking are void and can be challenged even post-judgment by the parties to them under Rule 6dB. By the parties to them, and you just finished saying you are not one of them. And actually it was litigated by the parties to them, against them, and that's the judgment, the opinion of my panel that you didn't like. Yes. But if a judgment is void for lack of subject matter jurisdiction and a party can show that because of the underlying merits of the reasons for it, not some stipulation in a settlement agreement that somebody else made, then how does that party ever, if in fact, I mean just hypothetically, obviously it's not hypothetical in terms of the arguments we're making, but if Bank of America doesn't represent the owners and holders of these three promissory notes, which is what we've argued in the briefs in both cases, how is there a fraudulent transfer, a legitimate fraudulent transfer claim against Fulcrum because there never was a... A judgment creditor of Mrs. Groves, that's it. But the claim is invalid and the judgment is invalid. That's been, I mean, that's been litigated by the parties to it. Now they're a judgment creditor of Mrs. Groves, and that's it. Whether the light was red or green, that's it. As far as I'm concerned, now the argument of was the transfer fraudulent, that I think is fair game, but it's up to Judge Stewart to give you any more time. She may not be so inclined to do. All right, Mr. Garrison, you've reserved a vote, so you can mop up from there. All right, Mr. McElroy. Good morning. It's Mike McElroy on behalf of Bank of America. Okay, counsel, you filed this claim, so... I'm sorry? What is your basis? What was the jurisdiction, the jurisdictional facts you used to file this lawsuit against? Frankly, I fumbled the allegations in the complaint. I treated the LLC as I should have treated, as if it was a corporation instead of a partnership, and that's my mistake. I think the remedy here, and then, of course, jurisdiction was never disputed, so we really never got into it in the district court, but I like the idea. I don't think either party wants to go back down for limited discovery, because that's all we would be doing is compelling the discovery they could have answered at that time to tell us who their members were and what their citizenship was. I think that maybe an order from this court directing Fulcrum to file a document with this court identifying who its members are and what their citizenship are is... Not just the citizenship. They obviously don't want to tell you who the members are. Okay. That seems to be a secret, but I think the citizenship of its members, just say, you know, whatever. I mean, to me, that would solve the problem, because it doesn't matter who they are. It matters what their citizenship is. I think so, too, and then if they don't file it, then I think we have to go back down, but I don't think either side wants to go back down. Well, I think his concern, really, is that his client won't tell him, and then you do need an actual contempt hearing and all that, and we're not really set up for that kind of stuff. Right. So then we'd have to go back down to the district court for that. Yeah, I guess that's it. So I think that's how we address that, because once they file something that tells us what the citizenship of their members are, we can always amend on the appellate level. Right. And that would take care of the jurisdictional issue. Well, it's just, the only thing that it can't be, if they have a North Carolina member, then that's fatal. That's true. And otherwise, you're good, right? That's true. Okay. I don't think there's any reason to believe that that's the case, though. I think it's either going to be Texas or Nevada for their membership. As far as the other arguments go, I mean, I think Judge Haynes, you made every argument that I was going to make here. Well, I just think this idea that you can go— Would you say that again? I just think this, frankly, and I speak only for myself, so I don't want to preclude your argument to my two colleagues who may not agree with me, but I just think this argument that a Tufta transferee can challenge the underlying judgment by which somebody becomes a judgment creditor is a scary one. That's all I can say. But that's me, and when you have a three-judge panel, at your own peril, you assume that because I said something, the other two agree. And I would never assume that. And even if they could, they can't in this case. And here's the problem that I think that they face is that to be a creditor under Tufta, we have to show that we have a claim. And the Act defines a claim as a right to payment or property. Well, we have a judgment against Nancy Groves, so we have a right to payment from Nancy Groves. And because this Court and the Supreme Court have already spoken on that, there's nothing she can do about that now or forever. And there's nothing that Fulcrum can say or do in this case that's going to change that fact. As long as that judgment exists, we have a right to payment from her. And by definition, there's a claim. And by definition, we're a creditor. So we have standing to bring this lawsuit. And that's really all the analysis that's needed regarding all of these standing arguments that predominate their brief. And, you know, I could go into the... I don't want to hear about New York trust law, but they might. I would be happy to answer any questions anybody has about any of those issues, but I really don't think that we have to go into that analysis because it's really as simple as the fact that we have a right to payment from Nancy Groves, and nothing is going to change that fact. The other issue that they raised in their brief would be the actual intent to delay, hinder, or defraud the creditors, which the trial court found existed in this case. And we addressed the arguments that they made at pages 40 through 49 of our brief, and I'd be happy to run through those, but it might be more productive. At any point did they assert a non-fraudulent purpose for the transfer? No. Did they come forward with a theory? No. If you look through the deposition of the corporate representative of Fulcrum, to all of the questions about the transfers, they pled the fifth, which I don't think you could even do as an entity. But that's what they did. And I think that the court could rightfully infer that any information that they had would make a negative inference on each of those issues against them because of that. So, you know, unless anybody has any questions, I think the only issue standing in the way of affirming this is the diversity jurisdiction issue, and I think that we can address that with an order for them to file some document that identifies the citizenship of their members. And I thank you for your consideration. All right. Thank you, sir. All right, Mr. Gaston. Thank you. To address that first point, I do believe that, and I would strongly advise the representative of the client, that a document revealing the citizenship of the members should be provided if this court requests. I think that would allay any concerns out there as to their identity. If we do it, it won't be a request. Order. Yes. In terms of, I'm just going to mention two brief points because I know that there's a lot of difficulty with most of the others. But for these two, I think they're pretty good. The first is, if the judgment is what turns Bank of America into a judgment creditor whose status can't be challenged anymore afterwards by another party who wasn't party to that in a Tufta case, then we still come back to the basic principle of federal law that standing to sue has to be based on facts that exist. But they were a claimant at the time they sued you, and then it converted. So they alleged that they had a claim, a right to payment, and then they ended up proving that by getting a judgment. So I don't think the fact that it wasn't a judgment yet at the time that they sued you means that they lacked standing. I would say that the judgment under the Gaya case, which we cite at page 7 of our opening brief out of the Federal Circuit, means that anything related to that judgment can't be used to establish their standing. And as a claimant with a possible but not proven claim, it should be open to be challenged on the merits. And on the merits, we point out in pages 34 and 35 of our brief that Bank of America did not submit any evidence, admissible evidence in this proceeding of its RICO and other kinds of claims against Nancy Groves. In fact, as we detail in our reply brief, there are only three facts they've proven with arguably admissible evidence. Nancy Groves bought a property at a foreclosure sale. She took out a loan to pay the property taxes, and she defaulted on that loan. By itself, those do not establish a mortgage fraud claim against Nancy Groves. Those facts, which would have been existing at the time of the complaint, are distinct from the later judgment that they got, which didn't happen until partway through the litigation of this case. And so we would say under Gaya there's no standing there. And then finally, on the fraudulent intent, whether there was conclusive evidence of fraudulent intent, as the district court found, we explain on our reply at pages 16 to 19 why the main case they rely on, which was a summary judgment case, I'm sorry, which was a bench trial case, shouldn't be used in this summary judgment context. And then we cite a couple of authorities indicating that fraud, based on a set of factors, is inherently a fact issue. And the fact that we've shown some fact issues on some of those factors would mean that there shouldn't be an automatic conclusive finding of fraudulent intent at the summary judgment level versus in a bench trial where the district court obviously has to make all those determinations. And if the Court has no further questions, I will cede the rest of my time. All right. Thank you, Mr. Gaston. Thank you, Mr. McElroy. Appreciate it.